OZIAS W. SHIPMAN v. JAMES T. CAMPBELL AND ALIDA I. CAMPBELL.

*Statute of frauds—Contract for sale of lands—Husband and wife —Recovery of purchase money.*

1. A contract for the purchase of a house and lot owned by a husband and wife jointly, and signed by the husband alone, cannot be enforced as against the wife.

2. The indorsement by a wife of notes made payable to her at the request of her husband, and given by a purchaser to apply on the purchase of a house and lot, owned by the husband and wife jointly, under a contract signed by the husband alone, which notes were discounted, and the money received by the husband and wife or by one of them, creates no liability on her part to repay the money to the purchaser, who has paid the notes.

3. A contract for the purchase of land which does not name any party to whom the conveyance can be made, nor determine when the payments are to be made thereunder, or that the property is to be taken subject to a mortgage which was to be considered as a part of the purchase price, is not one which the land-owner can enforce.

Error to Wayne. (Hosmer, J.) Argued November 12, 1889. Decided December 28, 1889.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Corliss, Andrus & Leete,* for appellant, contended:

1. A verbal agreement to purchase real estate is void under the statute of frauds, and cannot be used as the foundation of any legal or equitable right. If a party pays money under such a void contract, he may recover it back in *assumpsit;* citing *Kelly v. Kelly,* 54 Mich. 48; *Whiting v. Butler,* 29 Id. 144; and money paid as a forfeit upon such an agreement may be recovered back; citing *Scott v. Bush,* 29 Mich. 523; *Nims v. Sherman,* 43 Id. 51; *Davis v. Strobridge,* 44 Id. 157.

2. We contend that by reason of the statute of frauds there was

no contract whatever, between the parties, and the legal liabilities were the same as if the plaintiff had loaned the defendant Alida I. Campbell $1,000.

3. There is no rule of law which will prevent a married woman becoming a debtor upon a proper consideration; citing *Post v. Shafer*, 63 Mich. 85.

4. Admitting that the money was applied to the joint use of the defendants, we submit that a married woman may jointly with her husband borrow money, and thereby render herself liable in an action to recover the same; citing *Post v. Shafer*, 63 Mich. 85.

5. In an action upon a promissory note executed by a married woman, it is only necessary for plaintiff to show by competent testimony that she was the real borrower; citing *Fechheimer v. Peirce*, 70 Mich. 440.

6. Under circuit court rule 71, the plaintiff was entitled to discontinue as to James T. Campbell, and have judgment against his co-defendant; citing *Anderson v. Robinson*, 38 Mich. 408; *Cook v. Perry*, 43 Id. 623.

*Moore & Moore*, for defendants, contended for doctrine stated in opinion.

LONG, J. Plaintiff brought suit in the Wayne circuit court to recover for moneys paid defendants on the purchase price of real estate situated in Detroit. Defendants prevailed in the circuit, and plaintiff brings error.

It appeared on the trial that the plaintiff on March 17, 1888, had a conversation with Mr. Ranney, of Waterman's Real Estate Exchange, with reference to the purchase of a house and lot on the corner of Second avenue and Bagg street, in Detroit, of which the defendants, Mr. and Mrs. Campbell, were the joint owners, and which the plaintiff then agreed to purchase at the sum of $20,500, a deed of which was to be given by the defendants and possession given on May 15, 1888. It was then understood that the property was incumbered by a mortgage of $10,000, which the plaintiff was to assume. Mr. Ranney soon after called upon the plaintiff,

and told him he had made the purchase from the defendants, and had paid $100, which plaintiff then gave him. On March 19 plaintiff met Mr. Campbell, who wanted more money on the purchase price, when plaintiff gave two notes of $500 each, payable in 60 and 70 days after date. These notes, at the request of Mr. Campbell, were made payable to Mrs. Campbell, who indorsed them, and upon which the money was procured by the defendants or one of them. The plaintiff afterwards paid and took them up. It is to recover these sums, amounting to about $1,100, that this suit is brought.

The defense set up was—

1. That the plaintiff was bound by the contract, and defendants were ready and willing to deliver the deed, and that on July 16, 1888, they had made and tendered a deed, sufficient to convey the title to plaintiff, and in full compliance with the contract.

2. That Mrs. Campbell is not liable on the contract, because she did not sign it, and that it did not relate to her separate property.

The only writings relating to the purchase and sale of the property are as follows:

"DETROIT, MICH., March 17, 1888.

"Received of Waterman's Real Estate Exchange, one hundred dollars, as earnest on purchase of my residence on north-east corner of Second and Bagg streets, lot 75 by 190 ft., for the sum of twenty thousand five hundred dollars ($20,500) cash. Possession given May 15, 1888.
"$100.                          JAMES T. CAMPBELL."

After this contract was made, the one hundred dollars paid, and the notes given on March 19, it was ascertained by the plaintiff that a levy had been made upon the premises prior thereto under an execution against the defendant James T. Campbell. The parties met several times to arrange about a conveyance of the title, and defendant James T. Campbell proposed at once to remove

the levy, claiming that it was invalid.    On May 3, 1888, plaintiff wrote James T. Campbell as follows:

"J. T. CAMPBELL, Esq.,
                    " Corner Second and Bagg Sts.
    "*Dear Sir:*   I am desirous of closing that deal up, and wish to make a cash payment of the whole transaction right away.    Will you please furnish me with a title of the property, or a deed of the property, and I will give you a check for the same.    Very respectfully,
                                    "O. W. SHIPMAN."

Mr. Campbell then tendered a deed of the property, which the plaintiff refused so receive on account of the levy; and on July 16, 1888, having got the levy discharged, a deed was executed and acknowledged in due form, and tendered to the plaintiff, which he refused.

The contract of purchase was not one which the defendants could enforce.    It did not name any party to whom the conveyance was to be made as grantee, nor does it fix and determine when the payments are to be made, or that the property was to be taken subject to the $10,000 mortgage which it is conceded was then upon the property, and which, as the parties now agree, was to be considered a part of the purchase price.    It was not a contract which the plaintiff could enforce against Mrs. Campbell; she did not sign it.

The situation of the parties, therefore, at the time of the trial, was that James T. Campbell had received from the plaintiff the sum of $1,100 upon an invalid contract, and without consideration.    The fact that Mrs. Campbell indorsed the notes under the circumstances here stated did not create any liability on her part for the repayment of the money to the plaintiff

If the plaintiff on the trial had discontinued his suit against Mrs. Campbell, we think, under the conceded facts, he would have been entitled to a judgment against James T. Campbell for the money, and interest thereon.

This course was not, however, proposed by plaintiff's counsel. Their proposition was to discontinue against Mr. Campbell, and take judgment against Mrs. Campbell, by reason of her indorsement of the notes, and this the court refused, evidently viewing the contract of sale as one which the defendants could enforce against the plaintiff.

The judgment of the court below must be affirmed, but without prejudice to the rights of the plaintiff in bringing suit against James T. Campbell for the recovery of the moneys so paid, if he so elect. Defendants will recover costs.

The other Justices concurred.