### KUITE v. LAGE.

1. EJECTMENT—RIGHT OF ACTION—VENDOR.
    Under section 10949, 3 Comp. Laws, a vendor of land, by an executory contract which gives the vendee the right to immediate possession, who holds the legal record title, cannot maintain ejectment against a stranger who has taken possession of a strip of the land so sold, and ousted the vendee therefrom.

2. SAME—PURCHASER.
    A purchaser of land in possession under an executory contract of purchase is the person entitled to maintain ejectment against a stranger who ousts him from the land.

3. PRINCIPAL AND AGENT—POWER OF ATTORNEY—CONSTRUCTION.
    Powers of attorney are strictly construed and not extended by construction, whence a power which was special and only authorized the institution of proceedings " in our name, place and stead," etc., did not confer upon the attorney power to institute suit in his own name.

Error to Ottawa; Padgham, J. Submitted April 10, 1908. (Docket No. 30.) Decided May 12, 1908.

Ejectment by Jacob Kuite against Gerhard Lage. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Sooy & Heck* and *Smedley & Corwin*, for appellant.

*George A. Farr*, for appellee.

BLAIR, J. As stated in the brief for appellant:

" The only question involved in this appeal is, whether the vendor of land, by an executory land contract which gives the vendee the right to immediate possession, but who still holds the legal record title, can bring ejectment against a stranger, who has taken possession of a strip of the land so sold, and ousted plaintiff's vendees therefrom."

The trial judge was of the opinion that the ejectment statute compelled a negative answer to this question and directed a verdict for defendant. We concur in this opinion. Section 10949, 3 Comp. Laws, provides:

" No person can recover in ejectment, unless he has at the time of commencing the action a valid subsisting interest in the premises claimed, and a right to recover the possession thereof, or of some share, interest or portion thereof, to be proved and established at the trial."

This statute is plain and explicit in its terms; it makes no exception, as to the proof of the right to recover possession, in the case of strangers or intruders, but clearly states a universal rule applicable in all cases of ouster. The vendees in the land contract were in actual possession of the land at the time of the commencement of this suit and at the time of the trial. Under the decisions of this court, such vendees were entitled to maintain ejectment against one who should oust them from the land. *Covert* v. *Morrison*, 49 Mich. 135; *Olin* v. *Henderson*, 120 Mich. 149.

The right of the vendee to bring the action to recover possession necessarily negatives the possession of any such right by the vendor, since the right of the one would be destructive of the right of the other. This was recognized by the court in *Olin* v. *Henderson*, where it was said:

"A vendor in a land contract giving the vendee right of possession cannot maintain ejectment until he has in some manner terminated the contract relation. *Michigan Land & Iron Co.* v. *Thoney*, 89 Mich. 226."

See, also, *Bay County* v. *Bradley*, 39 Mich. 163; *Van Vleet* v. *Blackwood*, 39 Mich. 728; *Corning* v. *Loomis*, 111 Mich. 23; *Stephens* v. *Motl*, 82 Tex. 81; *Gazzalo* v. *Chambers*, 73 Ill. 75; *Lannay's Lessee* v. *Wilson*, 30 Md. 536; *State* v. *Japan Co.*, 66 Ohio St. 182; 15 Cyc. pp. 15, 28.

In their reply brief, filed since the case was received on briefs, counsel lay stress upon a power of attorney whereby the vendees in the land contract—

"Made, constituted and appointed, and by these presents do make, constitute and appoint Jacob Kuite, of Holland, Michigan, true and lawful attorney for us and in our name, place and stead, to conduct suit in chancery instituted by us against Gerhard Lage, of Zeeland, Michigan, and to negotiate any settlement or institute any further proceedings said Jacob Kuite may deem expedient," etc.

The suit in chancery referred to was for an injunction to prevent the defendant cutting off the eaves of the building purchased by the vendees, to make room for the building defendant was erecting on adjoining land. After said power of attorney was given, the complainants therein (vendees in said land contract) filed an amended bill, making Jacob Kuite a complainant, and the ejectment suit was also started.

Powers of attorney are strictly construed and not extended by construction. The power of attorney in question was special and only authorized the institution of proceedings "in our name, place and stead," etc.; it did not confer authority upon the plaintiff to institute suit in his own name. Instead of constituting a warrant for the plaintiff's position in this case, the power of attorney was a clear recognition on his part as well as on the part of the principals that they alone had authority to institute suits on account of the ouster.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.