FIRST NATIONAL TRUST & SAVINGS BANK v. BECKTON.

1. EXECUTORS AND ADMINISTRATORS—WIDOW'S ELECTION FIXED TITLE
   TO REAL ESTATE.
   When widow filed in probate court her election to reject hus-
   band's will and take under statute, title to real estate became
   fixed.

2. FRAUDS, STATUTE OF—PAYMENT OF MONEY NOT PART PERFORM-
   ANCE—ORAL CONTRACTS.
   Payment of money is not such part performance of oral contract
   to convey real estate as takes it out of statute of frauds
   (3 Comp. Laws 1929, § 13417).

3. CONTRACTS—PARTIES—SPECIFIC PERFORMANCE.
   Bank, loaning money on real estate to testator's son to pay
   claims against father's estate, in reliance on widow's oral
   agreement with said son to withdraw her election to take under
   statute rather than under will, not being party to said con-
   tract, could not specifically enforce it.

4. SPECIFIC PERFORMANCE—PERFORMANCE BY PARTY SEEKING EN-
   FORCEMENT.
   Stepson, not having performed, is not entitled to have specific
   performance of oral contract with stepmother whereby she
   agreed that, if he would pay certain claims against his father's
   estate, she would will to his children all property she re-
   ceived from said estate.

Appeal from St. Clair; George (Fred W.), J.
Submitted February 1, 1932. (Docket No. 215, Cal-
endar No. 36,296.) Decided April 4, 1932.

Bill by First National Trust & Savings Bank
against Frank Beckton, Jr., and William and Claud
Isabell, administrators with will annexed, of estate
of Lorena Beckton, deceased, for specific perform-
ance of agreement to withdraw widow's election to

take share of husband's estate under the statute. Cross-bill by defendant Beckton against other defendants for specific performance of widow's agreement to will real estate. Cross-bill by defendants Isabell against defendant Beckton for specific performance of his part of oral agreement with widow to withdraw election. Bill and cross-bills dismissed. All parties appeal. Affirmed.

*W. L. Jenks* (*Stewart & Black,* of counsel), for plaintiff.

*Baird, Watson & McColl,* for defendant Beckton.

*Stewart & Black,* for defendants Isabell.

FEAD, J. This is a triple suit for specific performance, in which all parties appeal.

Frank Beckton, Sr., died April 22, 1929, leaving a will in which he gave his wife, Lorena, and his son, Frank, not Lorena's son, each certain parcels of land, and divided another parcel, the personalty, and the residue between them. Among his debts were a mortgage of $4,000 on a parcel devised to Frank and a note of $250, which were filed as claims against his estate.

Mrs. Beckton thought Frank should pay the mortgage and note. She retained counsel, who so advised Frank, and informed him that, unless he relieved the estate of the claims, Mrs. Beckton would file an election to take under the statutes of descent and distribution and not under the will. Frank agreed to pay the claims and made arrangements to borrow the money from plaintiff, negotiating through an attorney who was general counsel of plaintiff and who, in the transaction, represented both Frank and plaintiff.

The loan could not be consummated before the final date for the widow's election, and Mrs. Beckton, her attorney, and Frank met at the probate office on April 22, 1930, and discussed the situation with the judge of probate and representatives of the estate. The widow's election to take under the statutes was filed, but with the oral agreement that Frank should obtain a loan from plaintiff, pay the mortgage and note, and the parties then should appear before the probate court and the election be withdrawn.

A day or two later, Frank told the attorney representing him and plaintiff of the agreement, and, on inquiry, the attorney for Mrs. Beckton confirmed it to him. The loan was made for $9,000, secured by mortgage on two pieces of land devised to Frank by his father, and the money was disbursed for various debts of Frank and his wife and expenses. The mortgage of $4,000 was paid, but the note of $250 was not and is not yet paid.

Mrs. Beckton's election was not withdrawn, nor does the record show that any of the parties attempted to have it done before her death. She died June 27, 1930, leaving a will in which she gave a small bequest to Frank, but made her brother, defendant William Isabell, the principal beneficiary.

Defendant Frank Beckton claims his agreement with Mrs. Beckton was that, if he would pay the two claims, she would, by will, leave to his children all the property she received from her husband's estate and which was undisposed of at her death. As told by the witnesses, he did not agree unequivocally to pay the claims, but told Mrs. Beckton he would try to pay them. He directed payment of both claims out of the proceeds of the mortgage, but it was not done.

Plaintiff prays specific performance of the agreement to withdraw the widow's election. Defendants Isabell join plaintiff in the prayer. In cross-bill, the latter asked that Frank Beckton be decreed to perform the agreement to pay the $250 note, but they now waive its payment. Defendant Beckton asks specific performance of the agreement to will the property to his children. The court dismissed the bill and cross-bills, but without prejudice to further action by Frank Beckton upon the claim he paid.

When the widow filed her election to reject the will and take under the statutes, the titles to the real estate became fixed. As to both plaintiff and defendant Beckton, the case is governed by the rule that payment of money is not such part performance of an oral contract to convey real estate as takes it out of the statute of frauds (3 Comp. Laws 1929, § 13417). In addition:

Plaintiff was not a party to the contract between Mrs. Beckton and Frank, and cannot enforce it.

Defendant Beckton did not perform the contract he claims to have made with Mrs. Beckton, and cannot have specific performance.

Defendants Isabell, or their testatrix, did nothing by way of part performance to avoid the statute of frauds. Moreover, having waived full performance by Frank, they do not point to anything which the court now should compel him to do.

Decree affirmed, without costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.