HATCH *v.* WOLACK.

1. EQUITY—MOTION TO DISMISS—PLEADING.
   On a motion to dismiss a bill of complaint, all properly alleged material facts are accepted as true.

2. FRAUDS, STATUTE OF—PART PAYMENT—ORAL CONTRACTS.
   Part payment of the purchase price does not make an oral contract for the sale of land enforceable (3 Comp. Laws 1929, § 13413).

3. SPECIFIC PERFORMANCE—STATUTE OF FRAUDS—TENDER OF PAYMENT—PRIORITIES—CONSTRUCTION OF HOUSE.
   Plaintiffs who paid $1,000 for lot in full, and an additional $1,000 on contract for house to be erected thereon and who tendered balance of $6,750 under such contract for which they had procured necessary priorities in order to permit erection of house, *held*, entitled to specific performance of contract to convey land, owned by defendants as tenants by the entireties, but which was signed by husband alone, upon proof of such facts together with proof of knowledge and connivance on part of defendant wife working fraud upon plaintiff vendees (3 Comp. Laws 1929, § 13413).

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 11, 1946. (Docket No. 62, Calendar No. 43,482.) Decided December 2, 1946.

Payment as defense to statute of frauds, see 1 Restatement, Contracts, § 205; partial performance as defense, § 198.

Bill by Jesse E. Hatch and wife against Sol Z. Wolack and wife for specific performance of contract for sale of lot with house constructed upon it. Decree for defendants on motion to dismiss. Plaintiffs appeal. Reversed and remanded.

*Davidow & Davidow,* for plaintiffs.

*Louis Glasier* and *Harold Helper,* for defendants.

BUTZEL, C. J.   Jesse E. Hatch and Alice L. Hatch, husband and wife, seek specific performance of a contract for the deed of a lot together with the house constructed thereon.   They allege that defendant Sol Z. Wolack represented that he was the owner of a certain lot located in the city of Detroit, and that on September 13, 1945, plaintiffs purchased the lot paying Wolack $1,000 for it; that contemporaneously with such purchase Wolack agreed in a separate contract to erect upon the lot a residence for the plaintiffs; that plaintiffs paid an additional $1,000 on the price of $7,750 to be paid Wolack for construction of the residence; that in the aforesaid building contract, plaintiffs agreed that Wolack would deed the lot that they had purchased on the payment of the $7,750, $1,000 on September 13, 1945, $750 more when the roof was on the building, and the balance in the form of a $6,000 mortgage, plaintiffs to pay the mortgage expenses and any escrow fees.   The two agreements attached together are set forth in the bill of complaint.   Plaintiffs claim that Wolack represented that it would be necessary for them to obtain certain government priorities to build the house, and that plaintiffs obtained such priorities based upon the poor physical condition of plaintiff Alice L. Hatch; that they thereupon turned over the priorities to Wolack so that he could pro-

ceed to construct the house. Plaintiffs further allege that they were notified by a letter from Wolack's attorney that inasmuch as they had not paid the $750 when the roof was on the building, Wolack refused to be bound by the contract, and a certified check for $2,000 was enclosed in the letter.

Plaintiffs state that they tendered Wolack the $750, that they still are willing not only to pay the $750, but the entire balance due under the contract, and that they tendered such full amount to Wolack, but he has refused to accept it. Plaintiffs allege that the reason for his refusal is that he can obtain a better price for the house and lot, and that he is using the excuse that plaintiffs did not pay the $750 instalment promptly as a subterfuge to deprive plaintiffs of the house which they urgently require.

Plaintiffs further show that defendant Dorothy Wolack was fully aware of her husband's business and that he purchased property in their joint names; that Dorothy Wolack had full knowledge that it was her husband's practice to contract to build houses on real estate owned jointly with his wife as though he were the sole owner and that she consented thereto and executed the necessary conveyances upon the completion of the houses; and that Sol Wolack's representations to plaintiffs were made with the full knowledge and consent of Dorothy Wolack, thus making it possible for her husband to carry out a fraudulent scheme in the instant case.

Plaintiffs further state that the health of plaintiff Alice L. Hatch will be irreparably injured and impaired because they with their two small children are living in an upper flat and that going up and down stairs many times a day to attend the children is detrimental to her condition.

Defendant Dorothy Wolack individually filed a motion to dismiss on the ground that the agreements

were not executed by her as one of the owners by the entireties. The circuit judge entered an order of dismissal on the ground that the alleged agreement was not signed by both of defendants, as required by 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908), and that the amended bill of complaint did not allege sufficient facts to constitute a cause of action.

Plaintiffs appeal. They show that in accordance with the terms of a separate contract the lot was paid for in full, and, therefore, the building contract called for the erection of a house on a lot owned by plaintiffs although it was agreed that the deed would be withheld until the building was paid for. They place particular stress upon the fact that they turned over their government priorities to Wolack which, they contend, entitles them to specific performance. Although there is no direct charge of fraud, the implication is irresistible that Wolack and wife are using the lack of the latter's signature to be relieved of a contract so as to realize a larger profit, thus pleading the statute of frauds for the purpose of perpetrating a fraud.

On motion to dismiss, we must accept all properly alleged material facts as true. *Mahon* v. *Sahration,* 310 Mich. 563. Defendants contend that part payment or other acts not involving a change of possession do not take the case out of the statute of frauds; that plaintiffs have failed to establish any contract to which Dorothy Wolack is a party, or that any agency in writing exists whereby Dorothy Wolack constituted her husband her agent.

We have frequently held that part payment of the purchase price does not make an oral contract for the sale of land enforceable. *First National Trust & Savings Bank* v. *Beckton,* 258 Mich. 227; *Thorbahn* v. *Walker's Estate,* 269 Mich. 586. Payment alone

is ordinarily not sufficient to take a case out of the operation of the statute of frauds. More is required, such as taking possession and making improvements. *Lamb* v. *Hinman,* 46 Mich. 112, where the rule and the reason for it are set forth. In *White* v. *Lenawee County Savings Bank,* 299 Mich. 109 (136 A. L. R. 259), and *Mahon* v. *Sahration, supra,* it was held that certain payments did not constitute sufficient part performance to overcome the requisite of the statute. However, in the instant case, plaintiffs did pay for the lot in full and the contract to erect the house, although contemporaneously made, was a separate agreement. The damages cannot be ascertained with certainty in the instant case. During a period when there existed a critical shortage of building materials, plaintiffs in reliance upon Mr. Wolack's representation of ownership of the property went to the difficulty of obtaining the necessary priorities based upon Mrs. Hatch's ill health. Without such priorities, the construction of the house could not have been undertaken. The obtaining of this permit was essential to the entire project. As stated in *Lyle* v. *Munson,* 213 Mich. 250, 260:

"Part performance while an essential in the test, does not in itself comprehend the whole doctrine of equitable relief in this class of cases. Misleading, fraudulent conduct by act or acquiescence is the underlying thought which moves the chancery court under the principles of equitable estoppel to deny resort to the statute of frauds as an instrument of fraud."

We believe the correct rule is stated in *Henrikson* v. *Henrikson,* 143 Wis. 314, 318 (127 N. W. 962, 964, 33 L. R. A. [N. S.] 534), wherein the court said:

"The general rule is that part performance by the purchaser under an oral agreement to convey

is not sufficient to take the contract out of the statute of frauds, unless possession is taken by such purchaser.   *   *   *

"But it is also true that there is another class of cases resting upon the well-settled doctrine that where there is performance or part performance by the purchaser under and in pursuance of an oral contract to convey land, though no possession be taken by the purchaser, and the vendor, after performance by the vendee, refuses to convey, equity will enforce specific performance where the vendee has no adequate remedy at law, and the refusal to perform on the part of the vendor would work a fraud upon the vendee."

If, as alleged in the bill of complaint, Dorothy Wolack was aware of her husband's business, knew of his practice of holding himself out to prospective purchasers as the sole owner of property actually owned by the entireties with herself, consented to this subterfuge and joined in the conveyances to the vendees, she would not be in position to plead the statute of frauds in a court of equity. In *Henze v. Saunders*, 215 Mich. 646, a husband and wife filed a bill to rescind a contract for the sale of a house owned by them by the entireties. It was urged that the plaintiff's consent to the assignment of the vendee's interest was obtained by fraud and that the consent to the transfer was void because it was signed by the husband alone. Mr. Justice WIEST, in writing for the Court, stated:

"It is contended that Mrs. Henze never having given her consent in writing, the assignment by Mrs. Beechie to Mr. Saunders is void. We feel that under the evidence relative to the management of the real estate by her husband, she is in no position to urge the necessity of her consent."

We believe the case at bar is a stronger one and appeals more to the conscience of the court. In view of the facts hereinbefore set forth and the unusual circumstances of the case, plaintiffs are entitled to an opportunity to prove the allegations in their bill of complaint. If proven they justify the relief sought. The bill should not have been dismissed on motion.

The order to dismiss is hereby reversed, with costs to plaintiff, and the case remanded to the trial court for a hearing.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.