## CHRISTIAN v. PORTER.

1. JURY—TRIAL—CONSTITUTIONAL LAW.

   The right of trial by jury is secured by the Constitution (Const 1908, art 2, § 13).

2. TRIAL—TRANSFER OF CAUSES—RIGHT TO JURY TRIAL.

   The statute authorizing the transfer of a case from the equity to the law side of the court, or vice versa, in no way attempts to deprive a plaintiff of his right to a jury trial, where such right has been guaranteed by the Constitution (Const 1908, art 2, § 13; CL 1948, § 611.2).

3. SAME—TRANSFER OF CAUSES—DISCRETION OF COURT—JURISDICTION.

   The making of an order transferring a case from the equity side of the court to the law side, or vice versa, is not discretionary once the court has determined the jurisdiction of such action is on the other side from that in which the case was commenced (CL 1948, § 611.2).

4. FRAUD—JURISDICTION—EQUITY—ADEQUACY OF REMEDY AT LAW.

   The equity court has concurrent jurisdiction with courts of law in cases of fraud, where the relief sought is of an equitable character and the remedy at law is not adequate.

5. EQUITY — PLEADING — TRUSTS — ACCOUNTING — MONEY DECREE —TRANSFER OF CAUSES—ADEQUACY OF REMEDY AT LAW.

   Fact that plaintiff prayed that a trust be impressed upon defendant's bank account for proceeds of bonds which defendant had cashed and also sought an accounting was not enough to prevent transfer of cause from equity to law side of the court, where only a money judgment was sought and obtained and no accounting was necessary, the remedy at law being adequate (CL 1948, § 611.2).

6. ACCOUNTING—NECESSITY—BONDS—COUPONS.

   No accounting was necessary in suit to recover value of bonds alleged to have been wrongfully procured from plaintiff special administrator's decedent, where the bill of complaint set forth the exact amount of the bonds and depositary bank, as defendant, disclosed the amount of the coupons.

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am Jur, Constitutional Law § 317.
[2, 3, 8] 53 Am Jur, Trial § 7.
[4] 24 Am Jur, Fraud and Deceit § 189.
[5] 19 Am Jur, Equity § 196.
[7] 28 Am Jur, Injunction §§ 38, 39.
[9] 30 Am Jur, Judgments § 181.
[10] 30 Am Jur, Judgments § 285
[11] 58 Am Jur, Witnesses § 358.

7. SAME—INJUNCTION—GARNISHMENT—ATTACHMENT—ADEQUACY OF REMEDY AT LAW.

Plaintiff, special administrator of an estate, who sought a money decree for proceeds of deceased's bonds which he alleged defendant had wrongfully procured and fraudulently converted was not entitled to equitable relief of injunction to prevent bank from permitting defendant depositor to withdraw the funds and to prevent defendant depositor from doing so, where the law processes of garnishment and attachment obviated the necessity of the injunction or the impressment of a trust, the remedy at law being full, complete and adequate.

8. TRIAL—LAW ACTION—JURY TRIAL.

Law actions must be brought on the law side of the court where the parties may have the benefit of a trial by jury.

9. JUDGMENT—RESERVED MATTERS—RES JUDICATA—ESTOPPEL.

A judgment or decree which expressly excepts or reserves from its operation specified rights or claims of the parties in suit, or the decision of questions in issue, or the right to take further proceedings in respect to certain matters, is not a bar to a subsequent action on the matters so reserved.

10. SAME—RES JUDICATA—PAROL EVIDENCE.

Parol evidence is admissible to determine whether a given question was in issue, litigated, submitted, and decided and possibly material, when issue of *res judicata* is raised.

11. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Defendant whom plaintiff special administrator claimed had wrongfully procured and fraudulently converted bonds belonging to the deceased was not entitled to testify as to conversations between herself and deceased merely because bank officer had asked her why she had not cashed the bonds sooner (CL 1948, § 617.65).

Appeal from Jackson; Boardman (Harry D.), J. Submitted June 11, 1954. (Docket No. 46, Calendar No. 46,041.) Decided September 8, 1954.

Bill by Guy Christian, special administrator of the estate of William J. Craig, deceased, against Lillian Porter to secure value of bonds for the estate. Motion to transfer to law side of court denied. Decree

for plaintiff determining value and giving money judgment. Defendant appeals. Reversed and remanded for transfer to law side of court.

*Dudley & Rogers,* for plaintiff.

*Kelly & Kelly,* for defendant.

KELLY, J. Plaintiff, as special administrator of the estate of William J. Craig, deceased, commenced this suit in chancery to recover the face value and interest on five $1,000 United States treasury bonds, alleging that defendant, Lillian Porter, wrongfully procured and fraudulently converted bonds belonging to the deceased.

In her answer defendant stated she went to the Craig home at Mr. Craig's request and took care of her sister, Mrs. Craig, during several months of her last illness; that both defendant and Mr. Craig were elderly people and that after her sister's death on June 4, 1940, Mr. Craig asked her to stay and take care of him; that he inquired as to her financial condition and when she told him she possessed only small savings he said he would make some provision for her; that shortly thereafter she accompanied him to the bank where he withdrew five $1,000 United States bonds from his safety deposit box and gave them to her with the admonition that he wanted her to have them and take care of them, but to tell no one about them. That her refusal to disclose these facts heretofore was in response to the request and instruction of Mr. Craig.

Defendant filed a motion to transfer the cause to the law side of the court on the grounds that the action being one for money damages, plaintiff had an adequate remedy at law. This motion was denied. Upon trial, the court decreed that the plaintiff was entitled to the full face value of the bonds in the

amount of $5,000, plus accrued interest of $1,055.37, or a total judgment in money of $6,055.37, together with costs. Defendant contends the court erred in denying her motion to transfer the action to the law side of the court.

The right of a trial by jury is secured by the Constitution of the State of Michigan (1908), art 2, § 13. The legislature emphasized the importance of commencing actions on the proper side of the court by enacting CL 1948, § 611.2 (Stat Ann § 27.652), which provides:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

This Court construed this statute in the case of *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge,* 209 Mich 380, stating (pp 383, 384):

"The right of trial by jury is secured to plaintiff by the Constitution of this State. Article 2, § 13. This statute in no way attempts to deprive the plaintiff of such right, nor should such a construction be given it as would even tend to work out such a result in violation of the constitutional provision."

The trial court does not have discretionary powers in determining this question, but must follow the statute. See *Commissioner of Insurance* v. *Lapeer Circuit Judge,* 302 Mich 614.

Appellee cites cases establishing the general rule that courts of equity have concurrent jurisdiction with courts of law to grant relief from fraud, and calls attention to the fact that the bill of complaint charged fraud. The mere mention of fraud would

not place the case in chancery. In *Austin* v. *Socony Vacuum Oil Co.*, 291 Mich 513, it is stated (p 519):

"The mere mention of the word fraud, without any supporting data, is insufficient to carry the case to chancery. Equitable jurisdiction does not rest on the persistence with which it is asserted, and although 'fraud' is charged in several paragraphs of the bill, the basic essentials of such an action are not made out. So long as the distinction between law and equity remains in our jurisprudence, equitable jurisdiction must be based on more than an epithet or a label. Otherwise, it would be as reasonable to argue that a replevin action becomes a matter for equity when it is alleged that the goods are 'fraudulently' withheld, or that assumpsit to collect a debt is similarly transformed by the claim that the debtor 'fraudulently' refuses to pay. See *Teft* v. *Stewart*, 31 Mich 367, 370."

It is not sufficient that plaintiff allege he has been defrauded, but pleadings must show that the equity powers of the court are necessary to make a proper disposition of the case. In *Mack* v. *Village of Frankfort*, 123 Mich 421, 429, the Court said:

"I do not understand that, every time a man has been defrauded in a horse trade or in the purchase of a stock of goods, he may invoke the aid of a court of equity, even though he had an adequate remedy at law. It is doubtless true that, in cases of fraud, the equity court has concurrent jurisdiction with courts of law, and its aid may be invoked if the relief sought is of an equitable character, but this case is not such a one. The bill calls for a money judgment, and does not show that the equity powers of the court are necessary for its enforcement. The case is of such a character that it can best be investigated in a court at law, where the parties can have the benefit of a jury trial, if they so desire. *Bennett* v. *Nichols*, 12 Mich 22; *Smith* v. *Walker*, 57 Mich 456;

*Stoddard* v. *McLane,* 56 Mich 11; *Prescott* v. *Pfeiffer,* 57 Mich 21."

In the instant case plaintiff sought and obtained a money judgment, even though he prayed:

"That a trust be impressed upon the account in deposit in the said Jackson City Bank & Trust Company and that the said Jackson City Bank & Trust Company be ordered to pay over to your plaintiff such funds impressed with such a trust."

In *Bassett* v. *Trinity Building Co.,* 254 Mich 207, it was held that the action should have been commenced on the law side of the court. The bill alleged fraud and prayed for an impressment of a lien and an injunction. In commenting upon the fact that the decree provided for the equivalent of a money judgment, this Court said (p 212):

"Stripping the bill of complaint of the charges of conspiracy and the claim of rescission, the equity suit became one solely for the recovery of damages for fraud, fraudulent misrepresentations, and breach of warranty."

Appellee alleges that "An accounting was prayed, seeking to ascertain the number of coupons attached to the said bonds and their amounts." The exact amount of the bonds was set forth in the bill of complaint. The bank was made a party defendant and made a disclosure of the amount of the coupons. No accounting was necessary.

Appellee also calls attention to the fact that: "The plaintiff prayed for an injunction restraining the defendant, Jackson City Bank & Trust Company, from permitting the defendant, Lillian Porter, to dispose of, mortgage, assign, encumber or withdraw any of the funds. Injunctive relief was also sought against Lillian Porter from withrawing said funds." The law processes of garnishment and attachment

would have obviated the necessity of the injunction or the impressment of a trust.

In *Laubengayer* v. *Rohde,* 167 Mich 605, this Court, at page 610, stated:

" 'In this State equity has not taken jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity.'

"It was further pointed out in that case, as reasons for sustaining a demurrer, that the allegations in the bill did not show need of an injunction, or of a discovery, or of an accounting, or of specific performance, or the reformation or cancellation of a written instrument, and there was nothing to indicate that a judgment against defendants would not be perfectly good.

"In the case at bar there is no claim that defendants are financially irresponsible, or a judgment against them doubtful; according to the scheme of complainant's bill, all he seeks and all he is entitled to in the end is a money judgment for the damages he has sustained."

Plaintiff herein had a full, complete and adequate remedy at law and there was no showing that there was some feature of the case that would bring it peculiarly within the province of a court of equity.

"Law actions must be brought on the law side of the court where the parties may have the benefit of a trial by jury." (Syllabus.) *Witt* v. *Tourn-A-Grip Co.,* 330 Mich 151.

The trial court should have granted defendant's motion to transfer the case to the law side of the court.

At the conclusion of the trial both parties filed briefs with the court. Approximately 1 month later plaintiff filed a motion to amend his bill of complaint, which motion was granted over defendant's objection.

In the amended bill of complaint plaintiff alleged that defendant "had waived any right or interest which she may have had in them (the bonds in question) by reason of the decree consented to by her in the common pleas court of the State of Ohio, county of Van Wert, and  *  *  *  that by reason of the entry in the Ohio court that the defendant was estopped from denying or questioning the right to the ownership and possession of the bonds in question."

The trial judge in his decision stated there was no evidence sustaining plaintiff's allegation that defendant had obtained the bonds from Craig during his lifetime by fraud and undue influence and that he was not deciding the case on fraud but was finding for the plaintiff on the "doctrine of equitable estoppel."

Appellant contends: "The Ohio proceedings could not work an estoppel of the defense in this case," and that the trial court erred in so finding. The Ohio case was instituted by the guardian of William J. Craig. After the case was called for trial the guardian and the defendant agreed upon a settlement which was submitted to the court, and resulted in the following note on the "Appearance and Execution Docket":

"September 1st, 1942. By agreement of parties, this cause is settled and dismissed. Agreement approved. Costs to plaintiff. (See entry.)"

Appellee contends that the words in the entry, "The defendant Lillian Porter claiming no ownership or interest in the United States treasury bonds hereinafter described," constitute an estoppel of the defense in this case. This provision in the entry is followed by the equally important statement that nothing in the entry or agreement shall in any manner prejudice the right of the plaintiff to bring a new action against the defendant for the recovery of

the bonds. The right to take further action was not only contemplated by the parties but specifically set forth in the entry and agreement. We believe that the rule of law applicable is as stated in 50 CJS, p 74, Judgments, § 641:

"A judgment or decree which expressly excepts or reserves from its operation specified rights or claims of the parties in suit, or the decision of questions in issue, or the right to take further proceedings in respect to certain matters, is not a bar to a subsequent action on the matters so reserved."

If this entry constituted conclusive evidence of *res judicata* or estoppel it would become a question of law in the new trial. The record as submitted, however, is not conclusive. In *Bond* v. *Markstrum,* 102 Mich 11, it was stated (p 17):

"The question may become one of law if the record contains the conclusive evidence of it, but it may happen that the record is not conclusive. In such cases, according to the great weight of authority, parol evidence is admissible to ascertain whether a given question was in issue, litigated, submitted, and decided, and possibly, in some cases, whether it was material. And in such event, under our system of pleading, the issue would not ordinarily be limited to the single question of former adjudication, but the party would be at liberty to support his claim or defense by other evidence, which would be received subject to the effect of the evidence upon the question of former adjudication."

In regard to the appellant's contention that the court erred in excluding defendant's testimony under the equal knowledge rule (CL 1948, § 617.65 [Stat Ann § 27.914]), we do not believe there was error in this regard. At the time defendant cashed the bonds she was asked by an officer of the bank why she had not cashed the bonds sooner, and she replied that

the bonds had been given to her by a man who was sick and that she had earned them by taking care of him. We cannot agree with appellant that this statement of the officer of the bank opened the door so as to allow defendant to testify to conversations between herself and the deceased.

The decree is reversed and the case remanded to the trial court to be placed on the law side of the court for trial. Costs to appellant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.