BOWERMAN *v.* NEWAYGO CIRCUIT JUDGE.

1. VENDOR AND PURCHASER—LAND CONTRACT—POSSESSION.
   An executory agreement for the sale of land transfers no right of possession to the vendee unless the writing so provides.

2. EJECTMENT—LAND CONTRACT VENDEES.
   The remedy of ejectment is available to land contract vendees who are entitled to possession of land by virtue of a land contract in which they are vendees.

3. VENDOR AND PURCHASER—EJECTMENT—LAND CONTRACT—POSSESSION.
   The fact that defendants in ejectment action had received a deed of premises theretofore sold to plaintiffs under a land contract entitling plaintiffs to possession, such deed being subject to plaintiffs' land contract, would not prevent plaintiffs from pursuing their remedy of ejectment against the defendants who also claimed under a land contract from plaintiffs which did not transfer the right to possession and who had gone into possession of at least a portion of the premises.

4. TRIAL—TRANSFER OF CAUSES—DISCRETION OF COURT.
   The making of an order transferring a law action to the equity side of the court is not a discretionary matter, and is not a matter of convenience or to expedite the work of the court (CL 1948, § 611.2).

5. SAME—TRANSFER OF CAUSES—STATUTES.
   The object of the statute authorizing the transfer of a cause of action from the law to the equity side of the court, and vice versa, is to obviate the necessity of dismissing a meritorious cause of action because not instituted on the proper side of the court (CL 1948, § 611.2).

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 55 Am Jur, Vendor and Purchaser § 385.
[2] 18 Am Jur, Ejectment § 40.
[4–6] 53 Am Jur, Trial § 7.

6. Same—Ejectment—Transfer of Causes—Specific Perform-
ance—Possession.

An order transferring action of ejectment to equity side of the
court so that defendants might prosecute a suit for specific
performance and thereby acquire a right to possession *held*,
erroneous, since plaintiffs were entitled to protect the right
to possession presently enjoyed together with damages arising
from defendants' alleged improper conduct in dispossessing
plaintiffs.

Mandamus by Martin Bowerman and Kathryn
Bowerman against the Newaygo Circuit Judge to
compel him to set aside order transferring cause
in ejectment against George Begg and Cora V. Begg
to equity side of court. Submitted July 15, 1958.
(Calendar No. 47,679.) Writ granted September 9,
1958.

*Samuel H. Himelstein,* for plaintiffs.

*Philip L. Hogan,* for defendant.

Carr, J. Plaintiffs in this proceeding seek to
compel the setting aside of an order transferring
an ejectment case to the equity side of the court.
The defendants in said case, which was instituted
in August, 1957, were George Begg and Cora V.
Begg. The declaration filed averred, in substance,
that the plaintiffs were the owners of certain de-
scribed premises in Newaygo county, and that they
were in possession thereof from June 14, 1951, to
June 4, 1957, when defendants entered the premises
and unlawfully withheld possession from plaintiffs.
The plaintiffs asked judgment for possession of
the land described and also damages in the sum of
$5,000. Attached to the pleading was a copy of a
land contract naming plaintiffs as vendees, specify-
ing payments in the sum of $20 per month, including
interest, until the total purchase price of $2,000

had been paid with interest at 6% per annum, and granting to the purchasers the right of possession so long as they were not in default.

Defendants Begg filed answer to the declaration denying that plaintiffs were the owners in fee of the land and asserting that they had merely an equitable title as contract vendees. The answer admitted that defendants claimed the right to possession of a portion of the premises, denying, however, that they had entered upon the entire parcel as described in the declaration. With the answer was filed a motion to transfer the action to the equity side of the court, asserting on their part a right to possession of a described portion of the land involved and averring that on September 15, 1956, they had contracted to purchase such portion from plaintiffs for the sum of $1,750, the memorandum of agreement being signed by defendants and by plaintiff Martin Bowerman. It was further claimed that a down payment in the sum of $500 was made by check payable to both plaintiffs, which was accepted and indorsed. The motion was predicated also on the general allegation that defendants had equitable defenses which they should be allowed to raise, and that they could not do so in the ejectment action.

Plaintiffs in their reply to defendants' answer denied that they had contracted to sell to Mr. and Mrs. Begg the land in dispute or any part thereof. The circuit judge came to the conclusion that the motion should be granted and entered an order reading, in part, as follows:

"It is ordered that the within cause be and is hereby transferred to the equity side of this court, provided the defendants file a bill of complaint within 10 days setting forth an equitable cause of action, in accordance with the allegations in the aforesaid motion, and with the understanding that plaintiffs may have 15 days to answer said bill of complaint

and if, after a hearing on the merits, it appears that there exists no just cause for the application of the principles of equity, the cause may be retransferred to the law side of the court for suitable action, and with the prosecution of the ejectment suit heretofore started by the plaintiffs.

"Costs shall await the final disposition of the cause."

The proceeding now before the Court has resulted, plaintiffs claiming that the circuit judge was in error in transferring the case and that they will be deprived of certain rights granted by law unless permitted to prosecute the action of ejectment as instituted by them. On behalf of defendants Begg it is insisted that they have certain rights and defenses that can properly be presented only in a suit in equity. In accordance with the order, above quoted in part, they filed their bill of complaint seeking therein specific performance of their alleged agreement with plaintiffs as evidenced by the memorandum above mentioned. The writing described the subject matter of the agreement as "land located in Ashland township, Newaygo county, Michigan, located in the southwest corner of Government Lot One (1) fronting on Muskegon river for approximately 350 east and west and extending north to the county road commission surveyed line for gravel rights." The consideration specified was $1,750, with $500 down payment, a like amount when the "papers" were ready to be executed, and the balance within 30 days from the date of the memorandum.

As before noted, the writing was signed by defendants Begg and by Martin Bowerman. It contained no provision granting to said defendants any right of possession of the premises in question. The rule is well settled in this State that an executory agreement for the sale of land transfers no right of possession to the vendee unless the writing so provides.

*Spaulding* v. *Wyckoff*, 320 Mich 329, 335, and prior decisions there cited. Whether Mrs. Bowerman can be held estopped to deny that she was a party to the agreement is a question not before the Court at this time. In passing, however, we call attention to the fact that a somewhat analogous question was presented in *Shipman* v. *Campbell*, 79 Mich 82.

From the record before us it clearly appears that plaintiffs were at the time of the institution of their ejectment case entitled to possession by virtue of the land contract in which they were vendees. They were entitled to assert such right against anyone dispossessing them, and the remedy by way of ejectment was available to them. *Olin* v. *Henderson,* 120 Mich 149, 155; *Kuite* v. *Lage,* 152 Mich 638 (125 Am St Rep 421). It also appears that the defendants in the ejectment action did not have at the time the case was brought against them any right to the possession of the property in question, or to any part of it. They seek to acquire such right by invoking the aid of equity in a suit for specific performance of the memorandum of agreement above considered. Why they did not pursue such remedy rather than entering into possession of the premises does not appear. The practical situation now is that they seek to prevent plaintiffs from proceeding with their action in ejectment until they are in position, if they can attain that result, to interpose by way of defense a right of possession in themselves. The fact that the vendors in the land contract under which plaintiffs were entitled to possession had given defendants Begg a deed of the premises, subject to plaintiff's contract, does not alter the situation.

This brings us to the question whether, in view of the factual situation disclosed by the record here, the order of transfer of the ejectment case should have been made. The statute authorizing such ac-

tion in certain cases (CL 1948, § 611.2 [Stat Ann § 27.652]) reads as follows:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, or if it appear that an action commenced on the law side of the court should have been brought in equity, it shall be forthwith transferred to the proper side, and be there proceeded with, with only such alteration in the pleadings as shall be essential."

The interpretation and application of the statute were considered in *Lake Superior Brass Foundry Co.* v. *Houghton Circuit Judge,* 209 Mich 380. It was there held that an order transferring a law action to the equity side of the court, based on the claim of the defendant that the note sued on was merely one item in partnership accounts, was improperly entered and should be set aside. It was pointed out also in the opinion that the making of such an order is not a discretionary matter. A like conclusion was expressed in *Christian* v. *Porter,* 340 Mich 300, 303, citing *Commissioner of Insurance* v. *Lapeer Circuit Judge,* 302 Mich 614.

The conclusion follows that in any case involving the question whether an action, or suit, should be transferred, the answer depends on whether the situation presented falls within the purview of the statute. In other words, such a transfer may not be made, as counsel implies by his argument, as a matter of convenience or to expedite the work of the court. The object of the statute was to obviate the necessity of dismissing a meritorious cause of action because not instituted on the proper side of the court.

Plaintiffs in the instant case, claiming that they had been unlawfully deprived of the possession of their premises, a possession to which they were entitled as vendees under their land contract, had the

right to bring an action of ejectment. Defendants were not in position to ask that the case be transferred to the equity side of the court in order to permit them to acquire, if possible, a right of possession in themselves. Any right so obtained would obviously not be retroactive nor would it have any tendency to establish that the conduct of defendants Begg in dispossessing plaintiffs was either equitable or legal. The fact that defendants Begg may at some future time establish a right to possession cannot bar plaintiffs from protecting the right that they now have. Also involved in the case is the question of damages based on the alleged improper conduct of defendants Begg. These are issues that may properly be tried in the ejectment case.

The order of transfer should be set aside. If necessary, the writ will issue.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.