BEGG *v.* BOWERMAN.

Specific Performance—Statute of Frauds—Estates by Entire-
ties—Fraud—Evidence.
   Purchasers of entireties realty under written agreement not
   signed by vendor's wife may not have specific performance of
   the contract in the absence of evidence of fraud on part of
   wife, where statute of frauds was interposed as a defense, not-
   withstanding she had indorsed down-payment check made pay-
   able to herself and husband under a notation not specifically re-
   ferring to the contract and there is no showing she was aware
   of the agreement at time of indorsement and had done nothing
   to lead plaintiffs into attempting to purchase the premises,
   (CL 1948, § 566.108).

   Appeal from Newaygo; Beers (Henry L.), J., pre-
siding. Submitted January 9, 1962. (Docket No. 52,
Calendar No. 49,166.) Decided May 17, 1962. Re-
hearing denied July 2, 1962.

   Bill by George Begg and Cora V. Begg against
Martin Bowerman and Kathryn S. Bowerman for
specific performance of contract to sell real prop-
erty. Decree for plaintiffs. Defendants appeal.
Reversed.

   *Philip L. Hogan,* for plaintiffs.

   *Samuel H. Himelstein,* for defendants.

   Carr, C. J. Plaintiffs in this case brought suit re-
questing a decree for specific performance of an al-

References for Points in Headnote
49 Am Jur, Specific Performance §§ 21, 104.

leged contract for the sale to them of land in Newaygo county. Defendants owned the property in question as tenants by the entireties and had advertised it for sale. Negotiations were carried on between plaintiffs and defendant Martin Bowerman, and under date of September 15, 1956, a written instrument covering the terms of purchase was prepared by plaintiff George Begg, signed by him and Mrs. Begg, and also by Mr. Bowerman. Some suggestion being made at the time that Mrs. Bowerman should also sign it, her husband explained that she was a Seventh Day Adventist and could not sign, because of her religious beliefs, at the time the agreement was prepared, which was on a Saturday.

In accordance with the agreement signed by the plaintiffs and defendant Martin Bowerman the former delivered a check in the sum of $500 as a down payment on the property which check was payable to both defendants, indorsed by both and deposited or cashed by Mrs. Bowerman, the signatures appearing on the back of the check beneath the following notation:

"Deposit to purchase land Sec. 5 Ashland Twp approx 350 ft Muskegon River."

Said check was given by plaintiffs pursuant to the written agreement of even date therewith, which read as follows:

"We hereby agree to purchase from Martin Bowerman and Kathryn Bowerman, husband and wife, of 121 Oak street, Hudsonville, Michigan, that piece of land located in Ashland township, Newaygo county, Michigan, located in the southwest corner of Government Lot 1 fronting on Muskegon river for approximately 350 feet east and west and extending north to the county road commission surveyed line for gravel rights. Purchase price $1,750. Terms $500 on signing this agreement. $500 more when

·papers are ready to sign. Balance of $750 to be paid within 30 days from this date.

"Sellers /s/ Martin Bowerman
"Buyers /s/ George Begg
/s/ Cora V. Begg
of 717 Upton Avenue, Battle Creek,
Michigan

"Dated: September 15, 1956."

At the time he received the check Mr. Bowerman also gave plaintiffs a written receipt therefor, acknowledging that it was delivered in accordance with the separate agreement.

Following the transactions in question examination of the abstract was duly made, there being apparently some delay in the execution of a deed of the property and the making of further payments on the purchase price. The record indicates that Mr. Bowerman advised plaintiffs that they could occupy the property pending the negotiations and preparation of a conveyance. Pursuant to such permission a house trailer was moved upon the property by a licensee of plaintiffs. Such action, however, did not meet with the approval of Mr. Bowerman who objected quite strenuously. Apparently he had had prior difficulty of some nature with the licensee. The situation culminated in litigation that reached this Court as *Bowerman* v. *Newaygo Circuit Judge,* 353 Mich 535. Following the determination of that case it appears that plaintiffs and their licensee withdrew from the property in question. In consequence, at the time the present suit for specific performance was instituted on February 25, 1959, defendants were in possession. They refused to convey the property in question to the plaintiffs.

Motion to dismiss the bill of complaint was made, primarily on the ground that defendants owned the property in question as tenants by the entireties and that Mrs. Bowerman had not signed any agree-

ment for conveyance thereof. Decision on said motion was held in abeyance pending a hearing of the case on the merits. The answer filed by defendants denied the right of plaintiffs to the relief sought, advancing as an affirmative defense the fact that the preliminary agreement for the purchase of the property was not signed by Mrs. Bowerman.

Following the taking of testimony and the submission of the case on the merits the trial judge filed a written opinion reciting the pertinent facts in the case and expressing the conclusion that when Mrs. Bowerman indorsed the check above mentioned she must have known the purpose for which it had been given to her husband. It was further pointed out in the opinion that the testimony taken in the case indicated that the husband had habitually carried on business transactions relating to the property of defendants, and that in the transaction under consideration here the wife had in effect acquiesced in what had been done. A decree was entered in accordance with the prayer of the bill of complaint, and defendants have appealed.

Appellants rely on CL 1948, § 566.108 (Stat Ann 1953 Rev § 26.908), which reads, in part, as follows:

"Every contract for the leasing for a longer period than 1 year, or for the sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale is to be made, or by some person thereunto by him lawfully authorized in writing."

No claim is made in the instant case that plaintiffs were led to believe that Mr. Bowerman was the sole owner of the property. The manner in which the preliminary agreement for purchase was drawn by Mr. Begg indicates that it was understood at the time that the land was owned by both defendants.

Obviously it was realized that Mrs. Bowerman should sign the agreement that had been prepared, but it is not claimed that it was ever presented to her personally for her signature. The reason given for her not signing it on the day that it was prepared was, the record indicates, a valid one. The manner in which the check was drawn further indicates that plaintiffs were advised as to the actual condition of the title. Why they did not endeavor to procure Mrs. Bowerman's signature after the others had signed does not appear.

In *Hatch* v. *Wolack,* 316 Mich 258, to which attention is called, plaintiffs' bill of complaint for specific performance was dismissed on motion. The pleading filed alleged that defendant Sol Z. Wolack represented to them that he owned a certain lot in the city of Detroit and plaintiffs agreed to purchase said lot for the sum of $1,000, which amount was paid, entering into a separate contract at the time for the construction of a residence on the land by Wolack. Under conditions then existing it was necessary to obtain government priorities in order to proceed with the construction. This was done on the basis of ill health on the part of Mrs. Hatch. It developed that in fact the lot for which plaintiffs had paid in full was owned jointly by Mr. and Mrs. Wolack. Plaintiffs alleged in their bill of complaint that the latter was fully aware of her husband's business, that she knew that he purchased property in their joint names, that he contracted to build houses on real estate owned ostensibly as sole owner, and that she consented to such method of carrying on business.

It was specifically charged that the representations made by Sol Z. Wolack to plaintiffs were with the full knowledge and consent of Mrs. Wolack, and that she acquiesced in order to enable her husband to carry out a fraudulent scheme. The motion to dismiss was

based on the fact that Mrs. Wolack had not signed the agreement for the purchase of the lot, or the contract for the building of the house thereon. Citing *Henze* v. *Saunders,* 215 Mich 646, this Court held that the circuit judge should not have dismissed the bill of complaint on motion, saying, in part (p 263):

"If, as alleged in the bill of complaint, Dorothy Wolack was aware of her husband's business, knew of his practice of holding himself out to prospective purchasers as the sole owner of property actually owned by the entireties with herself, consented to this subterfuge and joined in the conveyances to the vendees, she would not be in a position to plead the statute of frauds in a court of equity."

It was, therefore, held that the plaintiffs were entitled to an opportunity to prove their claims as set forth in their bill of complaint.

We think it is obvious, under the record in the present case, that it may not be said that Mrs. Bowerman was guilty of conduct such as was charged against Mrs. Wolack in the case cited. As above pointed out, there was no deception in the case at bar with reference to the title to the property that plaintiffs sought to purchase. Neither is there any claim that Mr. Bowerman, with the knowledge of his wife, held himself out as entitled to act in her behalf in the transaction. Neither is there any showing that Mrs. Bowerman, by any action on her part, induced or persuaded the plaintiffs to enter into an agreement for the purchase of the property without obtaining the signatures of both owners thereof.

Counsel for plaintiffs emphasizes the fact that Mrs. Bowerman indorsed the check made payable to herself and husband and deposited it. It is claimed in effect that the notation on the back of the check above the signatures of herself and the other defendant may be regarded as indicating her approval

of the transaction. However, said notation made no reference to the written agreement that Mr. Begg had prepared for the signatures of the parties, and standing alone it was not a sufficient compliance with the requirements of the provision of the statute of frauds above quoted. *Gedvick* v. *Hill,* 333 Mich 689, and prior decisions there cited. The more recent cases of *Farah* v. *Nickola,* 352 Mich 513, and *Duke* v. *Miller,* 355 Mich 540, which recognize a more liberal view with reference to the interpretation and application of the statute of frauds in cases of this nature, may not be regarded as authority for the proposition that the notation on the check was sufficiently complete to constitute compliance with the requirements of the statute applicable to agreements for the conveyance of interests in land. It may be noted in this connection that there is no showing in the record before us that at the time that Mrs. Bowerman, at her husband's request, indorsed and deposited the check she was aware of the agreement into which he had undertaken to enter with the plaintiffs.

Under the record that is before us we think that the situation presented is analogous to that involved in *McCrea* v. *Jerkatis,* 320 Mich 309. In that case the remedy of specific performance sought by plaintiff was denied by the trial court, and this Court affirmed the decree holding that a letter offered in evidence as a memorandum of a claimed agreement of sale of land was not sufficient to satisfy the statute of frauds. Said letter was not signed by one of the defendants who owned the property as tenants by the entireties. No fraud was shown on the part of the owner who had not signed and the Court in its opinion differentiated the case from that of *Hatch* v. *Wolack, supra,* on that ground. As in the case at bar, the nonsigning owner did nothing to lead the plaintiff into attempting to purchase the property.

It is interesting to note that the opinion in this case was written by Mr. Justice Butzel who also wrote in *Hatch* v. *Wolack, supra*.  As in the case at bar, *McCrea* v. *Jerkatis, supra,* was decided following hearing, and also appealed on the basis of the record made in the trial court.  We think the principles there recognized are controlling here, and that under the proofs in the case Mrs. Bowerman was not bound by the agreement signed by her husband for the sale of entireties property.

A decree will enter in this Court setting aside the circuit court decree and dismissing the bill of complaint.  Defendants may have costs.

. Dethmers, Kelly, Black, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.