## SOUTHERN PACIFIC COMPANY *v.* TOMLINSON.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 251. Argued April 28, 1896. — Decided May 25, 1896.

In an action under Title 36 of the Revised Statutes of the Territory of Arizona to recover for injuries causing death, brought in the name of the widow of the deceased, for the benefit of herself and of his children and parents, she has no authority to lessen or alter the shares awarded by the jury to the other beneficiaries; and if the jury return a verdict for excessive damages, and she files a remittitur of a large part of the whole verdict, lessening the share awarded to each beneficiary, and reducing to nominal damages the shares of the parents of the deceased, and the court thereupon renders judgment according to the verdict, as reduced by the remittitur, the defendant, upon writ of error, is entitled to have the judgment reversed and the verdict set aside.

THIS was an action brought in the district court of the second judicial district of the Territory of Arizona in and for the county of Pima, by Bertha, widow of Thomas Tomlinson, against the Southern Pacific Company, a railroad corporation, under Title 36 of the Revised Statutes of Arizona of 1887, entitled " Injuries Resulting in Death."

The complaint alleged that, while Thomas Tomlinson was walking along a public passageway where it crossed the defendant's railroad, the defendant caused one of its locomotive engines and a train of cars to approach the crossing at a great and unusual rate of speed, negligently and carelessly omitting to give any signal of warning by bell, signal or otherwise, by reason whereof he was unaware of the approach of the train, and, without any fault or negligence on his part, the cars ran against him, and knocked him down, and wounded and lacerated his head and body, so that he immediately died; and further alleged as follows:

" That the said Thomas Tomlinson left surviving him the plaintiff, who is his widow, and the following children, to wit, Alice Tomlinson, Fenton Tomlinson, Howard Tomlinson and Baby Tomlinson; and the said Thomas Tomlinson left

Fenton Tomlinson, his father, and Mary Tomlinson, his mother, surviving parents.

"That this action is brought by the said plaintiff, Bertha Tomlinson, for the benefit of herself and her said children, Alice, Fenton and Howard and Baby, and Fenton Tomlinson, Sen., and Mary Tomlinson, his parents.

"That by reason of the death of the said Thomas Tomlinson, caused and occasioned as aforesaid, damages have resulted to the said parents, surviving widow and children of the said Thomas Tomlinson, to the sum of $50,000.

"Wherefore plaintiff prays judgment, in favor of herself and the other parties for whose benefit this suit is prosecuted, for the sum of $50,000, and for costs of suit."

The defendant answered, denying the allegations of the complaint, and alleging that the accident was caused by the negligence of Thomas Tomlinson.

At the trial, the evidence, (except that as to negligence on the part of the defendant, and on the part of the plaintiff,) was as follows:

Several witnesses testified that Thomas Tomlinson was knocked down by the defendant's engine, and rendered insensible, his skull broken, and one heel cut off; and that he died two hours afterwards.

The plaintiff testified that Thomas Tomlinson was her husband, and was forty-one years old and in good health at the time of his death, and her own age was thirty-three; that there were living, the issue of the marriage, four children, Alice, aged nine years; Fenton, aged seven years; Howard, aged five years; and Baby, seven months; that her husband's father and mother, Fenton and Mary Tomlinson, were also living; that her husband was a merchant, and that the usual expenses of maintaining their household were perhaps a thousand dollars a year.

The defendant put in evidence Carlisle's Life Tables, according to which the mean duration of human life at the age of forty years is twenty-seven years and seven months; and at fifty years is twenty-one years and one month.

The jury returned the following verdict, signed by their foreman:

" We, the jury duly empanelled and sworn in the above entitled action, find for the plaintiff, and assess damages against the defendant in the sum of $50,000, to be divided as follows: Bertha Tomlinson, $8000; Fenton Tomlinson (father), $5000; Mary Tomlinson (mother), $5000; Alice Tomlinson (child), $8000; Fenton Tomlinson (child), $8000; Howard Tomlinson (child), $8000; Baby Tomlinson (child), $8000."

The defendant moved the court to set aside the verdict and to grant a new trial, because the verdict was against the law and the evidence, and because the damages assessed by the jury were excessive, unsupported by the evidence, and given under the influence of passion and prejudice.

The plaintiff thereupon filed a remittitur in the following terms:

" Comes now Bertha Tomlinson, on behalf of herself and others interested herein, and remits from the verdict heretofore rendered herein in the sum of $50,000, the following sums:

"Bertha Tomlinson ............... $8000, remitted to $6000
" Alice Tomlinson ................ 8000,    "    "   3000
"Fenton Tomlinson ............... 8000,    "    "   3000
"Howard Tomlinson ............. 8000,    "    "   3000
"Baby Tomlinson ................ 8000,    "    "   3000
"Fenton Tomlinson, father ........ 5000,    "    "      1
" Mary Tomlinson, mother ........ 5000,    "    "      1

" thereby making a total remittance of $31,998, and allowing the verdict to stand at $18,002."

The court allowed the remittitur, denied the motion for a new trial, and gave judgment for the plaintiff against the defendant for the sum of $18,002, apportioned as in the remittitur.

The defendant excepted, among other things, to the overruling of the motion, and appealed to the Supreme Court of the Territory, which affirmed the judgment, and held that the plaintiff had a right to file the remittitur; and dealt with the question of the damages as follows:

" While the record does not affirmatively show that the

trial court made a remission of a portion of the damages awarded a condition precedent to overruling the motion for a new trial, the damages awarded being clearly excessive, we think it quite evident that, had the remittitur not been filed, the court would have granted the motion. A trial court has the power, where excessive damages have been allowed by the jury, and where the motion to set aside the verdict is based upon this ground, to make a remission a condition precedent to overruling the motion. The exercise of this power rests in the sound discretion of the trial court. This doctrine is affirmed in the case of *Arkansas Cattle Co.* v. *Mann*, 130 U. S. 74; also in *Northern Pacific Railroad* v. *Herbert*, 116 U. S. 642. Of course, if it is apparent to the trial court that the verdict was the result of passion or prejudice, a remittitur should not be allowed, but the verdict should be set aside. In passing upon this question, the court should look not alone to the amount of the damages awarded, but to the whole case, to determine the existence of passion or prejudice, and to determine how far such passion or prejudice may have operated in influencing the finding of any verdict against the defendant. When the circumstances, as they may appear to the trial court, indicate that the jury deliberately disregarded the instructions of the court, or the facts of the case, a remittitur should not be allowed, but a new trial should be granted. If they do not so indicate, and the plaintiff voluntarily remits so much of the damages as may appear to be excessive, the court, in its discretion, may allow the remission, and enter judgment accordingly. *Arkansas Cattle Co.* v. *Mann*, cited above. From a review of the whole case, we cannot say that the jury, in finding for the plaintiff, in this action, in a sum largely in excess of the damages proven, deliberately disregarded the facts, or the instructions of the court. We rather incline to the view that the jury, having found the issues in favor of plaintiff, was then prompted, through sympathy for the widow and children, and out of the enlarged liberality of which juries in such cases are usually possessed, to award damages largely in excess of what the proofs warranted." 33 Pacific Rep. 710. The defendant sued out this writ of error.

*Mr. J. Hubley Ashton* for plaintiff in error.

*Mr. R. C. Garland* for defendant in error.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

This action is brought under provisions of a statute of the Territory of Arizona, copied from a statute of Texas upon the same subject. Arizona Rev. Stat. of 1887, tit. 36, §§ 2145–2155; Texas Rev. Stat. of 1879, §§ 2899–2909.

By this statute, an action, on account of injuries causing the death of any person, may be brought against a railroad company, or other carrier of goods or passengers, for actual damages, when the death is caused by its negligence, or by the unfitness or gross negligence of its servants or agents; and for exemplary damages also, when the death is caused by the wilful act or omission or gross negligence of the defendant. Arizona Rev. Stat. §§ 2145–2147.

The statute provides that "the action shall be for the sole and exclusive benefit of the surviving husband, wife, children and parents of the person whose death shall have been so caused;" and "may be brought by all the parties entitled thereto, or by one or more of them for the benefit of all;" and that, if they fail to bring it within six months after the death, "it shall be the duty of the executor or administrator of the deceased to commence and prosecute the action, unless requested by all of the parties entitled thereto not to prosecute the same." §§ 2149–2151.

If the sole plaintiff dies pending the action, and is the only person entitled to the benefit thereof, the action abates. But if any person so entitled survives, the action does not abate by the death of the plaintiff, but any one or more of the persons so entitled may be made plaintiff, "and the suit be prosecuted to judgment in the name of such plaintiff, for the benefit of the persons entitled." §§ 2153, 2154.

The statute further provides that "the jury may give such damages as they may think proportioned to the injury result-

ing from such death; and the amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict." § 2155.

The obvious intent and effect of these provisions is that the action is to be brought once for all; that it is to be prosecuted for the benefit of all the relatives mentioned, the husband or the wife, the children and the parents, of the deceased; and that any damages recovered are to belong to all those relatives, and to be shared among them in the proportions determined by the verdict of the jury. By the express terms of the statute, the action may be brought by all or any of them, but for the benefit of all; no one or more of them, less than all, can excuse the executor or administrator from bringing and prosecuting the action, if they do not; the action does not abate by the death of the one suing, but may be prosecuted by the survivors, if there are any; and the damages recovered are to be divided among all of them, in such shares as the jury shall fix by their verdict. The authority given for bringing and prosecuting the action, in the name of any one or more of the persons entitled, for the benefit of all, avoids multiplicity of actions, and difficulties arising from nonjoinder of plaintiffs; but it gives the nominal plaintiff or plaintiffs no power to compromise or to release the rights of the other beneficiaries, or to lessen or alter the shares awarded by the jury.

This construction of the statute is in accord with the construction which, before its passage, had been given by the Supreme Court of Texas to the similar statute of that State. *Houston & Texas Central Railway* v. *Bradley,* 45 Texas, 171, 176, 179; *March* v. *Walker,* 48 Texas, 372, 376, 377; *Houston & Texas Central Railway* v. *Moore,* 49 Texas, 31, 45, 46; *Galveston &c. Railroad* v. *Le Gierse,* 51 Texas, 189, 201; *Houston & Texas Central Railway* v. *Cowser,* 57 Texas, 293; *East Line & Red River Railway* v. *Culberson,* 68 Texas, 664. See also *St. Louis &c. Railway* v. *Needham,* 10 U. S. App. 339.

In the present case, the deceased left a widow, four children, and a father and mother. The jury returned a verdict for the plaintiff for $50,000, of which they awarded $8000 to the widow,

$8000 to each child, and $5000 to either parent of the deceased. After the defendant had moved for a new trial, the widow, in whose name alone the action was brought, filed a remittitur, by which she undertook to reduce her share to $6000, the share of each child to $3000, and the shares of the parents to one dollar each, and the whole verdict to $18,002.

According to the decisions of the Supreme Court of Texas, in *Houston & Texas Central Railway* v. *Bradley* and *Galveston &c. Railroad* v. *Le Gierse*, above cited, the widow could not compromise or release the rights even of her own minor children. She certainly could not release, in whole or in part, the rights of her father in law and mother in law.

The statute, indeed, as has been seen, creates but a single liability; the matter in controversy, as between the defendant, on the one side, and the plaintiff and the other persons for whose benefit the action is brought, on the other, is the whole amount of the damages found by the jury; and the defendant has no concern in the apportionment of damages among the persons entitled, provided that is done as the statute requires. *Texas & Pacific Railway* v. *Gentry, ante,* 353.

But the defendant has the right to object to a judgment apportioning the damages, not as lawfully divided by the jury, but as unlawfully fixed by the plaintiff of record, reducing to nominal damages the sums awarded by the jury to some of the persons entitled, and thereby leaving the defendant open to the danger of another suit by those persons to obtain the damages of which the present plaintiff has undertaken to deprive them. *Northern Pacific Railroad* v. *Lewis,* 162 U. S. 366, 379.

The opinion of the Supreme Court of the Territory of Arizona, which, as required by section 949 of the Revised Statutes of the Territory, was in writing and recorded, shows that that court not only "inclined to the view that the jury was prompted, through sympathy for the widow and children, and out of the enlarged liberality of which juries in such cases are usually possessed, to award damages largely in excess of what the proofs warranted;" but that it considered that the damages awarded were clearly excessive and that it was

manifest from the record that, but for the remittitur, the judge before whom the trial was had would have ordered a new trial.

As this court now holds the remittitur to have been unauthorized and invalid, the proper order, without considering other questions argued at the bar, will be

> *Judgment reversed, and case remanded to the Supreme Court of the Territory, with directions to cause the verdict to be set aside and a new trial had.*