### JORDAN *v.* C. A. ROBERTS COMPANY.

#### ON REHEARING.

#### DISSENTING OPINION.

#### BLACK, T. M. KAVANAGH, and SOURIS, JJ.

1. JUDGMENT—ACCELERATED JUDGMENT—ISSUE OF FACT.

*Accelerated judgment should not be granted where pleadings disclose a question of fact was raised whether plaintiff's decedent was defendant's employee whose fatal injuries arose out of and in the course of his employment (GCR 1963, 116).*

2. WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY.

*The exclusive remedy against an employer is afforded by the workmen's compensation act where the conditions of liability under that act exist (CL 1948, § 411.4).*

3. JUDGMENT—ISSUE OF FACT.

*A plea in bar is not adjudicable where it raises an issue of material fact, until there has been a trial upon that issue of fact (GCR 1963, 116).*

4. WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTORS.

*Injuries to independent contractors do not constitute a basis for recovery under the workmen's compensation act.*

5. PARTIES—IDENTITY—WIDOW—ADMINISTRATRIX.

*Legally, there is no identity of parties between a widow acting as administratrix of her husband's estate and the widow presenting her claim under the workmen's compensation act since in the latter instance she is not acting in her representative capacity (CLS 1961, §§ 411.1 et seq., 600.2922).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  41 Am Jur, Pleading §§ 335, 336.
[2]  58 Am Jur, Workmen's Compensation §§ 48, 64.
[3]  41 Am Jur, Pleading § 138.
[4]  58 Am Jur, Workmen's Compensation § 137.
[5]  30A Am Jur, Judgments §§ 397–399.
[6, 8]  41 Am Jur, Pleading §§ 338, 339.
[7]  41 Am Jur, Pleading §§ 335–342.
[9]  58 Am Jur, Workmen's Compensation § 483.
[10]  58 Am Jur, Workmen's Compensation § 493.

6. Judgment—Accelerated Judgment—Issue of Fact.

    *Plaintiff is entitled by court rule to postponement of decision pending jury trial on motion by defendant for accelerated judgment, where there is a disputed question of fact and plaintiff has demanded jury trial (GCR 1963, 116.3).*

7. Same—Summary Judgment—Accelerated Judgment—Issues as to Material Fact.

    *It is improper to grant a motion for summary or accelerated judgment where there are disputes as to material fact raised by the pleadings (GCR 1963, 116, 117).*

8. Same—Accelerated Judgment—Proper Remedy—Issue of Fact.

    *Granting defendant's motion for accelerated judgment was reversible error where there was a disputed question of fact crucial to defendant's defense that administratrix's claim was barred by the exclusive remedy provision of the workmen's compensation act, the question being whether the deceased was an employee of the defendant or an independent contractor, and where the plaintiff administratrix had demanded jury trial (CL 1948, § 411.4; GCR 1963, 116.3).*

Opinion of the Court.

9. Workmen's Compensation—Findings of Fact.

    Workmen's compensation appeal board's unappealed findings of fact are conclusive in the absence of fraud (Const 1963, art 6, § 28).

10. Same—Findings of Fact—Bar to Collateral Proceedings.

    Determination by the workmen's compensation appeal board that plaintiff's decedent was an employee under the workmen's compensation act is a bar to a relitigation of the same fact in a collateral proceeding even though the parties in the collateral proceeding are different (CL 1948, §§ 411.4, 416.1).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and Watts and Quinn, JJ., affirming Wayne, Gilmore (Horace W.), J. Submitted October 6, 1966. (Calendar No. 9, Docket No. 51,391.) Decided June 6, 1967. Submitted on rehearing May 7, 1968. (Calendar No. 10.) Decided June 10, 1968.

2 Mich App 113, affirmed.

Complaint by Thelma Leola Jordan, administratrix of the estate of John C. Jordan, against C. A. Roberts Company, a foreign corporation, and others for damages under the wrongful death act for her husband's death. Accelerated judgment for defendant C. A. Roberts Company. Judgment affirmed by Court of Appeals and by Supreme Court. See 379 Mich 235. Rehearing granted. Affirmed on rehearing.

*Albert Lopatin* (*Norman L. Zemke,* of counsel), for plaintiff.

*Alexander, Buchanan & Conklin* (*Floyd S. Westcott,* of counsel), for defendant.

## ON REHEARING.

SOURIS, J. (*dissenting*). This appeal was decided by a divided court last year. *Jordan* v. *C. A. Roberts Company* (1967), 379 Mich 235. On plaintiff administratrix's petition, we granted rehearing. In its first appearance before this Court our majority upheld entry of accelerated judgment for the defendant in this wrongful death action on the ground that it was barred by prior redemption of Mr. Jordan's widow's claim against defendant under the workmen's compensation act,[1] that act expressly providing that recovery of compensation benefits under it shall be the exclusive remedy against the employer.[2] Defendant's motion for accelerated judgment, made pursuant to GCR 1963, 116.1(5), should not have been granted and we should not have affirmed its grant, because the pleadings disclosed a disputed question of fact, that question being whether Mr. Jordan was defendant's employee whose fatal in-

---

[1] CL 1948 and CLS 1961, § 411.1 *et seq.* (Stat Ann 1960 Rev and Stat Ann 1963 Cum Supp § 17.141 *et seq.*).

[2] CL 1948, § 411.4 (Stat Ann 1960 Rev § 17.144).

juries arose out of and in the course of his employment. Consequently, on this rehearing, the accelerated judgment should be reversed.

The Michigan workmen's compensation act provides: "Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."[3] But here the issue, whether "the conditions of liability under this act exist", has not been adjudicated in bar of the pleaded cause and cannot be adjudicated until that issue has been tried. Independent contractors are not covered by the act. *Scott* v. *Alsar Company* (1953), 336 Mich 532. The question whether the deceased was an employee of the defendant whose injuries arose as above, or whether he was at the time an independent contractor of the defendant, was decided, as between Mr. Jordan's widow and C. A. Roberts Company, when the redemption order was entered by the workmen's compensation department approving their settlement of the widow's claim based upon the theory that her deceased husband was an employee of C. A. Roberts Company. However, that question has not been decided as between the representative of deceased's estate and C. A. Roberts Company.[4]

Subrule 116.1(5) permits the entry of accelerated judgment where "the claim is barred because of release, payment, prior judgment, statute of limitations, statute of frauds, infancy, or other disability

---

[3] *Id.*

[4] The fact that the widow also is the administratrix of deceased's estate is totally irrelevant since she was not in her representative capacity a party to the workmen's compensation proceedings. As our majority noted in its opinion when this appeal was first before the Court:

"Legally there is no identity whatsoever between [Thelma Jordan, widow, and Thelma Jordan, administratrix of the estate of John C. Jordan, deceased]. They are complete strangers." *Jordan* v. *C. A. Roberts Co.* (1967), 379 Mich 235, 243.

of the moving party, or assignment or other disposition of the claim before commencement of the action." Thus if the deceased had been an employee within the meaning of the workmen's compensation act whose fatal injuries arose out of and in the course of his employment, the claim would be barred by the exclusive remedy provision of the act. However, if deceased had been, instead, as pleaded in the wrongful death action, an independent contractor of the defendant at the time such injuries were sustained, the exclusive remedy provision of the workmen's compensation act would not preclude his estate's representative from suing under the wrongful death act.

The record in this case discloses that the administratrix alleged in her complaint that deceased was an independent contractor at the time of his death while the defendant answered by denying that deceased was other than its employee. Thus the pleadings raised a disputed question of fact, the resolution of which is crucial to defendant's entitlement to an accelerated judgment under the provisions of subrule 116.1(5).

Resolution of such disputed questions of fact on motion for accelerated judgment is governed by the provisions of GCR 1963, 116.3. That subrule provides:

"As to defenses and objections based upon subrule 116.1(5), the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, and shall postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing."

The administratrix filed her demand for a jury trial simultaneously with her complaint in this wrongful death action and, therefore, she was entitled to postponement of decision on the motion for accelerated judgment pending jury trial of the action.

Previous to this appeal, we had not considered accelerated judgments under rule 116 where disputed questions of fact existed. However, under former Court Rule No 18 (1945), we held that motions to dismiss before trial could not be granted if disputed questions of fact were raised by the pleadings and the opposite party had demanded that the issue be tried to a jury. See *Chaffee* v. *Stenger* (1960), 361 Mich 57, 60, 61; and *Davis* v. *Kramer Bros. Freight Lines, Inc.* (1960), 361 Mich 371, 377. See, also, *Munson* v. *County of Menominee* (1963), 371 Mich 504, 507, 508. Principles applicable to accelerated judgments in such cases are identical to the principles applicable under our summary judgment procedure provided by GCR 1963, 117.2(3). In appeals from summary judgments arising under the predecessor of that rule, we held that where the pleadings disclosed material issues of disputed fact, it was error to enter summary judgment. *Auto Purchase Corporation* v. *Johnston* (1948), 319 Mich 634; and *Kaminski* v. *Standard Industrial Finance Co.* (1949), 325 Mich 364. More recent cases under currently applicable subrule 117.2(3) have reiterated the view that it is improper to grant summary judgment where disputes as to material fact are raised by the pleadings. See *Durant* v. *Stahlin (Appeal in re King, Bashara, Merrell, and Waldron)* (1964), 374 Mich 82; *Durant* v. *Stahlin (Appeal in re Van-Dusen, Elliott, Romney)* (1965), 375 Mich 628; and *Zamler* v. *Smith* (1965), 375 Mich 675. Simply put, summary judgment and, perforce, accelerated judg-

ment, are inappropriate and constitute reversible error when entered in the face of disputed questions of fact. See *Heikkinen* v. *Hovinen* (1967), 7 Mich App 541, 545, 546.

Since there was a disputed question of fact crucial to the defendant's defense that the administratrix's claim was barred by the exclusive remedy provision of the workmen's compensation act, and since the administratrix had demanded a jury trial, subrule 116.3 required that the dispute be resolved at the trial on the merits. It was error to grant defendant's motion for accelerated judgment and that error requires our reversal.

The case should be reversed and remanded to the circuit court for further proceedings. Plaintiff administratrix should be allowed costs on appeal to both appellate courts.

BLACK and T. M. KAVANAGH, JJ., concurred with SOURIS, J.

ADAMS, J. Justice SOURIS has written that there is a disputed question of fact in this case as to whether the decedent, John C. Jordan, was an employee or an independent contractor, and, therefore, the motion for accelerated judgment should not have been granted. He has also written: "if the deceased had been an employee within the meaning of the workmen's compensation act, * * * the claim would be barred by the exclusive remedy provision of the act."

If the initial action had been brought in circuit court upon the theory of independent contractor, that court would have been the proper forum to determine the status of the deceased. The initial action, however, was brought before the workmen's compensation appeal board. It had jurisdiction to determine the status of the deceased as an employee.

It determined, with all proper parties to such a proceeding before it and represented by legal counsel, that Jordan was an employee.

While the workmen's compensation appeal board is not a court in our judicial system, I do not understand its unappealed adjudication of matters properly under its jurisdiction to be any less binding than an adjudication by some inferior court—such as a probate or municipal court. In fact Const 1963, art 6, § 28, provides in part: "Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law."

There is no longer a question of fact. The compensation appeal board found John C. Jordan to have been an employee of C. A. Roberts Company. What could have been a question of fact became an adjudication by that duly authorized body. I know of no law that permits the fact so found by the appeal board to be relitigated in an entirely collateral proceeding. It is true that the parties to this lawsuit are not the same as those to the compensation proceeding. Who the parties are, however, does not control under the plain provisions of the statute. Once the appeal board determined the deceased to have been an employee, the tort action was barred by the exclusive remedy provision of the act. See my opinion in 379 Mich 235, 240.

I vote to affirm the decision of the Court of Appeals.

DETHMERS, C. J., and KELLY, O'HARA, and T. E. BRENNAN, JJ., concurred with ADAMS, J.